UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
------------------------------------------------------------------------x

SHARON TALPALAR,                                                Index Number:

                          Plaintiff,             **COMPLAINT**

            v.

TRU STAR SALON SERVICES, LLC (d/b/a TRUSTAR
SALON SERVICES LLC), GOLDWELL OF SOUTH
FLORIDA, INC., JEFFREY EVAN COHEN, and "JOHN
DOE #1" through "JANE DOE #10",

                          Defendants.

------------------------------------------------------------------------x

Plaintiff Sharon Talpalar ("Plaintiff"), by and through her undersigned attorneys, hereby files this complaint against the Defendants Tru Star Salon Services, LLC (d/b/a Trustar Salon Services LLC), Goldwell of South Florida, Inc., Jeffrey Evan Cohen, and John Doe #1 through and Jane Doe #10 (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on her own behalf alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and breach of contract, unjust enrichment, and for damages due for retaliatory termination.

2. Plaintiff alleges that she is entitled to recover from the Defendants: (1) unpaid overtime and minimum wage compensation and fringe benefits; (2) liquidated damages; (3) prejudgment and post- judgment interest; and (4) attorney's fees and costs.

**JURISDICTION AND VENUE**

3. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District, Fort Lauderdale Division, as the Defendants are located in Broward County, and key actions relevant to this case occurred in Broward County.

**PLAINTIFF**

5. Plaintiff Sharon Talpalar is a resident of Duval County, Florida and was employed by Defendant TruStar Salon Services, LLC (d/b/a Trustar Salon Services LLC).

6. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by TruStar and /or Goldwell.

7. At all relevant times, Plaintiff worked on salary only and received benefits, and was, until her termination, the primary and at times only salesperson for TruStar in the Jacksonville and St. Augustine, Florida Region/Territory 516 and Territory 529. She was and continues to be a key sales representative and was engaged in commerce.

8. At all relevant times, Plaintiff was to be paid a salary of one-half (50%) of the compensation paid by TruStar to Jeffrey Evan Cohen ("Cohen").

9. Plaintiff's annual salary from TruStar was as follows: From 2011 until 2017, $350,000; for 2018, $238,942.69; for 2019, $154,259.23; for 2020, $84,832.28 and for 2021 $67,480.16 annually with prorated payment made until August 2, 2021 when she was fired.

10. Plaintiff also received fringe benefits from TruStar which included health insurance, dental insurance, automobile payment, car insurance, cell phone, and internet, and reimbursement of expenses, at the average annual value of approximately $17,500.00 per annum.

11. Plaintiff was paid at the rate of $168.27 per hour from 2011 until 2017; $114.88 for 2018; $74.16 for 2019; $40.79 for 2020; and $32.44 for 2021.

12. During the term of TruStar employment, Plaintiff worked Mondays to Fridays from 6 a.m. until 6 p.m. and then on Saturdays for approximately two hours per day. On average, Plaintiff worked 62 hours per week.

13. Defendants did not compensate Plaintiff overtime compensation according to federal law.

14. From August 2, 2021 and continuing to date, Defendants did not compensate Plaintiff minimum wage compensation according to federal law.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## CORPORATE DEFENDANTS

### ENTITY DEFENDANT
### Tru Star Salon Services, LLC (d/b/a Trustar Salon Services LLC)

16. Corporate Defendant, TruStar Salon Services, LLC (d/b/a Trustar Salon Services LLC) ("TruStar"), is a Delaware limited liability company with its principal place of business located at 1590 N.W. 27th Avenue, Suite 2, Pompano Beach, Florida 33069. TruStar does business throughout the entire state of Florida and has done business under the name "Trustar Salon Services" and/or "Trustar Salon Services LLC."[1]

---

[1] The name of the entity that was actually formed, per public records, is "Tru Star Salon Services LLC".

17. At all times relevant hereto, TruStar, is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

18. At all times relevant hereto, TruStar, has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

19. TruStar constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

**ENTITY DEFENDANT**
**Goldwell of South Florida, Inc.**

20. Goldwell of South Florida, Inc. ("Goldwell") is a Florida limited liability company with its principal place of business located at 1590 N.W. 27th Avenue, Suite 2, Pompano Beach, Florida 33069.

21. At all times relevant hereto, Goldwell was a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

22. At all times relevant hereto, Goldwell has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of FLSA, 29 U.S.C. § 203.

23. Goldwell constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, TruStar and Goldstar were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

**TRUSTAR OPERATING AGREEMENT**

25. On May 16, 2011, Southern Star Salon Services, Inc., ("Southern"), who was engaged in the business of distribution of professional salon products in southern Florida, and Evolution, The Salon Source Inc. ("Evolution"), who was then engaged in the business of distribution of professional salon products in northern Florida, entered into a joint venture contribution agreement ("Contribution Agreement") to be effective as of January 1, 2011 which provided for contribution of assets, assumption of liabilities, covenants, representations, warranties, and as otherwise set forth therein to TruStar.

26. At or about that time, Southern and Evolution entered into the Operating Agreement, effective January 1, 2011, as equal owners (50/50) and equal managers (50/50) of TruStar.

27. The Operating Agreement provided for two Managers, one for Evolution, Mark Talpalar, and one for Southern, Cohen.

28. The Operating Agreement, amongst other things provides:

- § 5.1 – Managers are Cohen and Mark Talpalar. Each manager has the power and right to take all such actions as he deems necessary or appropriate to accomplish the purpose of the Company.

- § 5.1(d) – Appoints Cohen and Mark Talpalar as Co-Presidents and Co-Chief Executive Officers (CEO) of the Company who shall have general supervision direction and control of the business and the officers of the Company and other powers prescribed by Delaware law

- § 5.1(e) – Authorizes the Managers to appoint, employ, or otherwise contract with such other persons or entities for the transaction of the business of the Company or the

performance of services for or on behalf of the Company as it shall determine his or her sole discretion.

- § 5.1(b) – Provides that each Manager shall have full and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company, and take all such actions as such Manager deems necessary and appropriate to accomplish the purpose of the Company with such powers and authority necessary or desirable including the power to execute all documents or instruments, perform all duties and powers, and do all things for and on behalf of the Company in all matters necessary, desirable, convenient or incidental to the purpose of the Company.

- § 5.4(e) – Compensation which is determined by both managers.

29.     At all times mentioned[2], and from April 7, 2016 to date, Goldwell was a 50% owner or member of TruStar, with non-party Evolution being the other 50% owner or member of TruStar.

### INDIVIDUAL DEFENDANT
### JEFFREY EVAN COHEN

30.     JEFFREY EVAN COHEN ("Cohen") is an individual and resident of Golden Beach, Florida, and is subject to the jurisdiction of this Court.

31.     At all times mentioned, Cohen was the sole and majority shareholder, officer, director, owner and manager of Goldwell, and Cohen operated and controlled Goldwell.

---

[2] On or about April 7, 2016, Southern Star Salon Services, Inc merged into Goldwell, with Goldwell surviving the merger and continuing to operate Goldwell thereafter By notice dated April 12, 2016, Goldwell filed Articles of Amendment to its Articles of Incorporation purporting to amend its name to "Southern Star Salon Services, Inc." Plaintiff does not know if Goldwell operates as Southern, or by virtue of the merger, vice-a-versa.

32. At all times mentioned, Cohen had operational control of Goldwell's and TruStar's covered enterprise, and had involvement in the day-to-day operation of the Goldwell and TruStar and direct supervision of the Plaintiff employee at issue within the meaning of FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

33. Cohen - under protest from his co-manager - participated in, manages and makes all business decisions, or delegates such decisions, including but not limited to the amount in salary the employee will receive, and the number of hours employees will work, and his or her hiring or firing.

## STATEMENT OF FACTS

34. Defendants committed the following alleged acts knowingly, intentionally and willfully.

35. Defendants knew that the nonpayment of salary and pay, and failure to provide agreed upon benefits, would financially injure Plaintiff and violate federal law.

36. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

37. Plaintiff is a 50% owner of Evolution, and after the merger with Southern and formation of TruStar, she became a full-time employee of TruStar.

38. On or about May 19, 2021, Evolution, through Mark Talpalar, filed its complaint/derivative action against TruStar nominally, and against Cohen, Goldwell and others, primarily, In the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (Case No.: 502021 CA006688XXXXMB DIV: AK).

39. In that matter, Sharon Talpalar was originally a plaintiff who made various individual wage theft claims against the defendants herein.

40. Via proceedings, Sharon Talpalar's individual claims were dismissed (without prejudice), and on July 30, 2021, a purely derivative amended complaint was filed. By further amendment, the following counts are presently alleged in that State Court proceeding: (I) Breach of the Operating Agreement; (II) Breach of Fiduciary Duty; (III) Fraudulent Concealment; (IV) Fraud; (V) Unjust Enrichment; (VI) Aiding and Abetting the Breach of Fiduciary Duties; (VII) Civil Conspiracy; and (VIII) Fraudulent Transfers - 6 DEL. C. CH. 13; (IX) Fraudulent Transfers (Fla. Stat. §§ 726.101, Et. Seq.).

41. On August 2, 2021, Defendants fired Plaintiff.

42. On October 29, 2021, Co-Manager Mark Talpalar rescinded the termination and rehired Plaintiff, retroactive to August 2, 2021, as such firing was without his permission, authority, or consent and in violation of the TruStar operating agreement. Plaintiff has continued to discharge her employee duties for TruStar, despite Cohen trying to obstruct her participation. She has not resigned, nor has she waived or surrendered any past claim to wages and benefits.

43. Notwithstanding Plaintiff's continued employment with TruStar, TruStar has failed to pay Plaintiff any compensation, including minimum wage from August 2, 2021 and continuing to date.

## COUNT I
### (Fair Labor Standards Act—Overtime)

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

8

46. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to the Plaintiff employee for hours she worked in excess of forty hours per workweek.

47. As a result of Defendants' willful failure to compensate the Plaintiff employee, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

49. Plaintiff's cause of action is protected by equitable tolling under the FLSA. Thus, the FLSA's 3-year statute of limitations does not bar her claim.

**WHEREFORE**, Plaintiff is entitled to recover from defendants her unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Fair Labor Standards Act—Failure to Pay Minimum Wages)

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

52. Plaintiff has worked for defendants from August 2, 2021 without having been paid, and without having received a minimum wage in accordance with the FLSA.

53.     As a direct and proximate result of Defendants' failure to pay minimum wage compensation, Plaintiff has been damaged in the loss of wages, and has incurred and is incurring costs and reasonable attorney's fees.

54.     Defendants' failure to pay minimum wages was deliberate, willful and without good faith or any legal justification within the meaning of 29 U.S.C. § 255(a), and 29 U.S.C. § 260.

55.     Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of minimum wage.

**WHEREFORE**, Plaintiff demands judgment against Defendants for declaratory relief, compensatory damages (unpaid minimum wages), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### COUNT III
### (Quantum Meruit)

56.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57.     From August 2, 2021 and continuing to date, Plaintiff performed services for Defendants under the promise and expectation of salary at the rate of $67,480.16 per annum plus applicable fringe benefits of approximately $17,500.00 per annum.

58.     Plaintiff failed to fully compensate Plaintiff.

59.     Plaintiff is entitled to recover this sum in full, plus fringe benefits.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, along with reasonable attorney's fees and costs, and such other relief as this Court deems just and appropriate.

## COUNT IV
### (Violation of FLSA-Retaliation)

60. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding...."

62. The FLSA protects employees from retaliation by their employer resulting from an employee's complaints to or about the employer.

63. The anti-retaliation provisions of the FLSA apply, without limitation, to any employee, including former employees.

64. Plaintiff was terminated by the Defendants on August 2, 2021, three days after the amended complaint in State Court was filed.

65. The Plaintiff was fired by the Defendants, and in particular by direction of Cohen, who did so in retaliation of Plaintiff's and (Mark Talpalar's and Evolution's) filing of its fraud and breach of fiduciary duty suit against the Defendants and Cohen individually.

66. The firing of Plaintiff, who was one of TruStar's top performing employees, and who (along with Mark Talpalar) had brought in the vast majority of TruStar's customers in certain parts of Florida, was without justification.

67. Plaintiff's termination was directly caused by, and was a result of, her protected activity.

68. Plaintiff's salary for 2021, and prior thereto, was based on the following formula: Whatever salary Cohen took, Sharon Talpalar would be compensated at the rate of 50% thereof, and the other 50% would be paid to Mark Talpalar.

69. Plaintiff's employment was not terminable at will, but instead terminable only by unanimous vote of Cohen and Mark Talpalar.

70. Plaintiff has suffered damages as a direct and proximate result of Cohen's, TruStar's and Goldwell's retaliatory actions relating to Plaintiffs' employment in violation of the anti-retaliation provisions of the FLSA.

**WHEREFORE**, Plaintiff respectfully request that a final judgment for damages be entered in their favor against Defendants, jointly and severally; Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the anti-retaliation provisions of the FLSA; Awarding Plaintiffs all damages to which they are entitled to under 29 U.S.C. §216(B), including any legal or equitable relief as may be appropriate to effectuate the purposes of the anti-retaliation provisions of the FLSA, including, if this Honorable Court deems it appropriate, the payment of lost wages and an additional equal amount as liquidated damages; benefits, and other remuneration; reinstatement of full fringe benefits; emotional distress damages; Prejudgment and post-judgment interest; Attorneys' fees and costs pursuant to the FLSA; and Ordering any further relief that this Honorable Court deems just, equitable, and proper.

## COUNT V
### (Breach of Contract-third Party Beneficiary)

71. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At the time Southern and Evolution merged, entered into and performed a contribution agreement, and formed TruStar and signed an operating agreement, the parties thereto agreed to rules and regulations concerning various matters, including compensation.

73. The parties agreed that Cohen would take a salary, and benefits, and that Mark Talpalar and Sharon Talpalar would share a salary and benefits equal to that of Cohen.

74. Cohen breached that agreement by failing or refusing, or refusing to have TruStar pay to Plaintiff, her salary and benefits from August 2, 2021 and continuing to date.

75. Cohen has breached that agreement by taking compensation and benefits from TruStar more than double what was paid to Plaintiff, from 2018 to date.

76. Plaintiff has suffered damages as a direct and proximate result of Defendants' breach of the Contracts and Agreements.

**WHEREFORE**, Plaintiff respectfully request that a final judgment for damages be entered in their favor against Defendants, jointly and severally, along with such further relief which this Honorable Court deems just, equitable, and proper.

## COUNT VI
### (Unjust Enrichment)

77. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78. At all times material hereto, Plaintiff conferred a benefit on the Defendants.

79. At all times material hereto, the Defendants had knowledge of the benefit conferred by Plaintiff.

80. At all material times hereto, the Defendants appreciated such benefit conferred by Plaintiff.

81. The Defendants accepted and retained the benefit conferred by Plaintiff under circumstances that make it inequitable for them to do so without paying fair value of it.

**WHEREFORE**, Plaintiff respectfully request that a final judgment for damages be entered in her favor against Defendants, jointly and severally: Awarding Plaintiff damages for Defendants' non-payment and/or underpayment of wages to Plaintiff; and Awarding Plaintiff any further relief that this Honorable Court deems just, equitable, and proper.

### COUNT VII
### (Declaratory Relief)

82. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. The Court should declare, determine and adjudicate the rights and relations of the parties.

**WHEREFORE**, Plaintiff prays that the Court issue a declaratory judgment that the practices complained of herein are unlawful under the FLSA; An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein; A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA; An award of liquidated damages as a result of defendants' willful failure to pay the compensation pursuant to 29 U.S.C. § 216; Back pay; Punitive damages; An award of prejudgment and post judgment interest; An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and Such other, further, and different relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues herein so triable.

Dated: June 17, 2022

Respectfully submitted,

**OSORIO INTERNACIONAL, P.A.**

*Carlos F. Osorio, Esq.*
Carlos F. Osorio, Esq., B.C.S.
Florida Bar No.: 597546
E-Mail: cosorio@osorioint.com
Warren Daniel Zaffuto, Esq.
Florida Bar No.: 743461
E-mail: dzaffuto@osorioint.com
Andres F. Rey, Esq.
Florida Bar No.: 118875
E-Mail: arey@osorioint.com
175 S.W. 7th Street, Suite 1900
Miami, FL 33130
www.osorioint.com
info@osorioint.com
Telephone: 305-900-4103

and

*Adam M. Balkan, Esq.*
Adam M. Balkan, Esq.
Florida Bar No. 0044880
**BALKAN & PATTERSON, LLP**
1877 S. Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone:     (561) 750-9191
Facsimile:     (561) 750-1574
E-Mail: adam@balkanpatterson.com
            tiffany@balkanpatterson.com
            efile@balkanpatterson.com

*Counsel for Plaintiff*